UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND LEE SMITH, III,

    Plaintiff,

v.     CAUSE NO. 3:22-CV-311-DRL-MGG

J. MORGAN and HYATTE,

    Defendants.

OPINION AND ORDER

Raymond Lee Smith, III, a prisoner without a lawyer, filed a complaint alleging he was denied a meal at the Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Smith alleges Captain J. Morgan destroyed his expired Kosher meal tray at 4:22 p.m. on August 15, 2021, after Mr. Smith noted it was past its serve-by time. He alleges Captain Morgan did not replace it and he was not fed again until 5:00 a.m. the next morning. Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). But missing a single meal is not unusual. There are many reasons why people, inmates and free citizens alike, will occasionally miss a meal. In *Morris v. Kingston*,

368 F. Appx. 686 (7th Cir. 2010), this circuit considered a much more extreme case when an inmate involuntarily missed 17 meals over 23 days. The court explained that "[t]o establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm." *Id*. at 688–89. The court concluded that the plaintiff in *Morris* had not "establish[ed] a constitutional violation because he ha[d] not shown that missing his meals … caused serious harm or lasting detriment." *See also Freeman v. Berge,* 441 F.3d 543, 547 (7th Cir. 2006) (concluding that even a 45–pound weight loss would not support a claim without evidence of serious suffering or lasting harm). So too here, the complaint does not mention any harm, much less severe harm, suffered by missing this single meal. Rather, it focuses on how he felt humiliated, degraded, and disrespected. That does not state a claim because "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." 42 U.S.C. § 1997e(e).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

April 21, 2022                                              *s/ Damon R. Leichty*
                                                            Judge, United States District Court